# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

TERRY PROCTOR,
ADC #87410                                                                                          PLAINTIFF

V.                                      5:09cv00131-DPM-JJV

TIM MULLINS, Former Infirmary
Manager, Maximum Security Unit,
Arkansas Department of Correction; *et al.*                                                     DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## **DISPOSITION**

**I.    INTRODUCTION**

    Plaintiff, Terry Proctor, is incarcerated at the Varner Super Max (VSM) Unit of the Arkansas Department of Correction (ADC). He filed this *pro se* 42 U.S.C. § 1983 action, claiming Defendants conspired to retaliate against him for filing grievances and lawsuits. Proctor alleges Defendants conspired to manufacture three disciplinary charges against him. Following a disciplinary hearing, Proctor was found guilty of two of the charges, was sentenced to 30 days in punitive isolation, and was demoted in class. Plaintiff asks for a declaratory judgment that his rights were violated, plus damages.

    Proctor made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a Pre-Jury Evidentiary Hearing on September 2, 2010. *Johnson v. Bi-State Justice Center*, 12 F.3d 133, 135 (8th Cir. 1993). Pursuant to the standard set forth in *Johnson*, the Court has considered Plaintiff's testimony during the September 2, 2010, hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented

during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986).  Based on the evidence introduced at the hearing, the Court makes the following Proposed Findings and Recommendation.

## II.   FACTS AND ANALYSIS

### A.   Testimony and Evidence presented at the Hearing

Since 1983, Proctor has been serving a life sentence for aggravated robbery.  He has been housed at several units of the ADC and has been at the VSM since May 2009.  The incidents at issue in Plaintiff's complaint occurred in August 2008 while he was at the Maximum Security Unit (MSU).

At the hearing, Proctor reported that in early August 2008, Defendants became angry with him about complaint letters sent to the Governor and a lawsuit he was preparing against them. Proctor says Defendants learned of his activities when they intercepted some documents from his incoming mail.  Proctor was called to the infirmary on August 19, 2008, and while at the infirmary, Deputy Warden Manus confronted him about his complaints to the Governor.  According to Plaintiff, Manus was upset because the Governor's staff had telephoned the unit inquiring about Proctor.

Plaintiff was then taken to a pain specialist, but he refused the proposed steroid injection treatment.  Upon his return to the unit, Plaintiff stated Mr. Mullins again was upset with him because he had refused the offered treatment.

A few days later on August 22, 2008, Proctor was called to the Infirmary to see Dr. Suphan. Proctor testified he confronted Dr. Suphan about his dissatisfaction with the level of care she had

3

been providing to him. Dr. Suphan responded to Proctor, "I quit. I quit." Suphan walked away from Proctor and Defendants Green, Mullins, and Suphan convened a meeting in a nearby office in the infirmary. Proctor was directed to take a seat in the infirmary where he observed Green, Mullins, and Suphan exit the office after the meeting. Mullins approached Proctor and told him he would not be seen that day by the medical staff. Mullins then confronted Proctor about being aggressive with Dr. Suphan. At that point, Proctor, angry with Mullins' interpretation of the scenario, stood up in front of Mullins, pointed his finger at his face and said, "Don't play with me, man." In response, Mullins ordered Proctor to stand outside in the hallway, and Mullins went to Deputy Warden Manus's office. Shortly thereafter, Plaintiff saw Manus go into the Warden's office. Guards responded to Proctor's location where he was cuffed and locked up.

Later that same day, Mullins charged Proctor with three disciplinary violations: insolence to a staff member, using abusive/obscene language, and assault. The notice of the charge stated:

> On the above stated date and time, I Tim Mullins, was advised by Doctor Neema Suphan and Nursing Director Alva Green, of an incident that had just happened where Inmate T. Proctor #87410 was shouting and approaching Dr. Suphan in a threatening manner. I immediately walked to Inmate T. Proctor #87410 and informed him that my nursing staff felt threatened by him and that he would not be seen any further today. I explained that since his condition was not emergent, that he would be rescheduled next week. At that time, Inmate T. Proctor #87410 stood up and approached me in a threatening manner with his finger pointing at my face. He began shouting at me and stated that I wasn't going to do this to him, and that I would pay for this. At that time, CPL Taylor excrted (sic) him out of the Infirmary. I therefore charge Inmate T. Proctor #87410 with 11-1 Insolence to a staff member and 11-2 Using ABUSIVE /obscene language to staff. Pending DCR.

Pl.'s Ex. 3; Defs.' Ex. 1 at 1.

Following a hearing on August 27, 2008, Plaintiff was found guilty of Insolence and Assault, and sentenced to 30 days punitive isolation, and was reduced to Class IV. At the hearing, Defendants submitted as exhibits the documents relating to the disciplinary hearing. (Pl.'s Ex. 2 at

4

1-4, Def.s' Ex. 1 at 9-16).

Proctor testified that Mullins, Green, and Suphan conspired to bring him to the Infirmary on August 22, 2008, and the false disciplinary charges were the culmination of a conspiracy perpetrated by Defendants, in response to his exercise of his constitutional rights. At the hearing, Plaintiff also alleged the disciplinary charges filed against him were insufficient under *Wolff v. McDonnell*, 418 U.S. 539 (1974), because they failed to adequately detail the charges. Finally, Plaintiff testified that he intended to bring a medical malpractice action against Dr. Suphan in this cause of action because she negligently treated him while she was under the influence of narcotic drugs.

### B. Analysis of Proctor's Claims

#### 1. Due Process

Plaintiff's due process claims relate to an alleged conspiracy to retaliate against him and falsely convict him of a disciplinary charge. With regard to the disciplinary charge, this Court has already ruled that "some evidence" existed to support the conviction for the charges. Thus, Proctor's due process claim is not actionable. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and *Goff v. Dailey*, 991 F.2d 1437, 1440 n.5 (8th Cir. 1993).[1] The Court's previous holding was based on evidence from staff reports and witness statements which were submitted by Defendants and Cpl. Taylor following the August 22, 2008, incident. While the Court notes that Proctor believes the reports and witness statements were false, he does admit he pointed his finger at Mullins' face and said, "Don't play with me, man." Accordingly, some evidence existed to support the charges filed and his due process challenges to his disciplinary conviction should be dismissed. For this reason,

---

[1] Magistrate Judge Henry L. Jones, Jr., now retired, issued a Proposed Findings and Recommendation on August 27, 2009, recommending the motions to dismiss and for summary judgment filed by Defendants White, Blankinship, Kelley and Taylor be granted. This Recommendation was adopted by United States District Chief Judge J. Leon Holmes on September 16, 2009.

Plaintiff's conspiracy allegation should also be dismissed. Plaintiff cannot assert claims of conspiracy and retaliation against Defendants when the underlying conduct did not violate Plaintiff's constitutional rights.

Furthermore, this Court held in its previous ruling that Plaintiff's subsequent placement in punitive isolation for 30 days did not violate his due process rights because it was not an "atypical or significant deprivation" within the meaning of *Sandin v. Connor*, 515 U.S. 472, 484 (1995). Plaintiff did not allege any facts with respect to his conditions in confinement while in punitive isolation which would support a finding that he was subjected to atypical or significant hardship. Plaintiff testified that he suffered injury because he has been assigned to administrative segregation since he was released from his 30-day punitive sentence in 2008, and has lost privileges. He did not, however, testify concerning any specific deprivations which would lead this Court to consider his confinement in administrative segregation to be atypical or significant.

### 2. Medical Malpractice

Plaintiff's attempt to file a medical malpractice lawsuit against Dr. Suphan in this venue must fail. Plaintiff's claim against Dr. Suphan, asserted as a supplement to his Complaint (Doc. No. 5), alleges she was under the influence of narcotics while treating him, and recommended surgery which he never received. In order to support a claim for an Eighth Amendment violation against the doctor, Plaintiff must "show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Plaintiff does not allege Dr. Suphan acted with deliberate indifference to his serious medical needs, as set forth in *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). The Court declines to exercise jurisdiction over a state-law medical malpractice

claim asserted against Dr. Suphan. *See McLaurin v. Prater*, 30 F.3d 982, 984-5 (8th Cir. 1994).[2]

## III.   CONCLUSION

The Court finds there are no issues of disputed fact to submit to a jury, and as a matter of law, Plaintiff's allegations of conspiracy, retaliation, and due process violations do not state a claim upon which relief can be granted.

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

DATED this 9th day of September, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. Section 1367(c)(3) permits a district court to reject jurisdiction over supplemental claims, where it has dismissed all claims over which it has original jurisdiction.